```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
GOVERNMENT EMPLOYEES INSURANCE            :
CO., et al.,                              :        MEMORANDUM DECISION
                                          :        AND ORDER
                 Plaintiffs,              :
                                          :        21-cv-4545 (BMC)
         - against -                      :
                                          :
RENAN MACIAS, M.D., et al.,               :
                                          :
                 Defendants.              :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiffs' action arises from a familiar set of facts: automotive accident insurance companies assert allegations surrounding the submission of fraudulent policy claims under New York's no-fault insurance scheme. These cases are a staple of insurance fraud litigation in this district. In bringing these suits, such plaintiffs routinely join many alleged fraudsters in a single complaint, in which the defendants are alleged to have engaged in separate but similarly implemented fraudulent schemes.[1] As I have done in other cases, I issued an order to show cause why this case should not be dismissed for improper joinder or, alternatively, why I should not dismiss most of the defendants except one group of defendants who worked in concert, without prejudice to refiling against each group of defendants who are alleged to have worked in concert. See Allstate Ins. Co. v. Baturov, No. 19-cv-5570, 2021 WL 2409681, at *1 (E.D.N.Y. June 14, 2021). In responding, plaintiffs assert that the defendants are properly joined as there are common questions of law and fact and that joinder of these claims serves judicial efficiency.

---

[1] See, e.g., Complaint, Allstate Ins. Co. v. Abayev, 20-cv-3302, ECF No. 1 (E.D.N.Y. Jul. 23, 2020) (naming 58 defendants and alleging 28 separate but similarly implemented fraudulent schemes); Complaint, Gov't Emps. Ins. Co. et al v. Prescott et al., 1:14-cv-00057, ECF No. 1 (E.D.N.Y. Jan. 6, 2014) (naming 17 defendants and alleging 3 separate but similarly implemented fraudulent schemes).

Pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure, persons may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action. The second factor is clearly satisfied here. This action, and likely most or all of plaintiffs' insurance fraud actions, contains common questions because defendants are alleged to have engaged in similar schemes. This is especially true as here where the schemes principally surround billing for two highly specialized diagnostic tests.

However, "[j]oinder under Rule 20 requires, in addition to a common question of law or fact, that the plaintiffs assert a right to relief arising from the same transaction or occurrence" or joint and several liability. Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 520 (2d Cir. 2020) (*colatus*). Plaintiffs acknowledge that they do not assert any right to relief that would hold all defendants jointly or severally liable. Therefore, we must look to whether these allegations are part of the same "transaction or occurrence." Here, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" Kalie v. Bank of Am. Corp., 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979)). Moreover, "the overlap in questions of law or fact must be 'substantial' in order for joinder to be appropriate." Golden Goose Deluxe Brand v. Aierbushe, 2019 WL 2162715, at *1 (S.D.N.Y. May 16, 2019).

Although "joinder of claims, parties and remedies is strongly encouraged," under Rule 20, district courts have discretion in deciding whether to permit joinder, Sonn v. Wal-Mart Stores, Inc., No. 06-cv-1816, 2006 WL 2546545, at *2 (E.D.N.Y. Sept. 1, 2006). Therefore,

2

while a "district judge may have discretion to entertain these actions based on allegations that defendants engaged in separate but similarly implemented schemes . . . the toll these actions take on the judicial system and the minimal efficiencies gained caution against that approach." Baturov, 2021 WL 2409681, at *2.

In the instant case, aside from a single declaratory judgment claim, plaintiffs do not assert any claims against all defendants or allege that defendants worked together. In fact, plaintiffs explicitly acknowledge that they are asserting "separate fraud and RICO claims against *the four groups* of [d]efendants." These four groups operated independently of one another, at different time periods at the clinic locations, and with largely different participants.

Plaintiffs contend that their complaint's allegations "strongly indicate an interconnectedness among the [d]efendants" and that their conduct gives "rise to the inference that the fraud described in the [c]omplaint is interrelated." In support of such interconnectedness, plaintiffs point out that defendants "performed the same highly specialized neurological testing," "received referrals from certain of the same medical practitioners," and that certain of defendants' submissions to GEICO "contained substantially identical language." However, even with these contentions, as plaintiffs indicate, such interconnectedness is still just that – an inference. The claims here do not necessarily or readily appear "logically connected" and thus do not arise out of the same transaction or occurrence or series of transactions or occurrences.

When the requirements of Rule 20 are not met, Rule 21 affords a district court "broad discretion" in fashioning an appropriate remedy, including the possibility of dropping a party "at any time." Fed. R. Civ. P. 21. In the Batrurov order to show cause, I proposed two remedies to plaintiff: (i) dismissal of the case, without prejudice to refiling against each separate group of

3

defendants; or (ii) dismissal of most of the defendants except one group, without prejudice to refiling separate cases against each of the other groups of defendants.

Anticipating my ruling in this case, plaintiffs have helpfully provided a proposed breakdown, which breaks up defendants into three separate groups. While, in their motion, plaintiffs recognize that there are "essentially four groups of [d]efendants," plaintiffs suggest joining two groups because of "significantly similar, overlapping and interconnected fraudulent conduct." Plaintiffs cite numerous further points of connection among this subgroup of defendants, including that the two providers employed the same independent contractor as a reading neurologist. Therefore, the Court believes that adopting the plaintiffs' proposed breakdown best serves the purpose of promoting judicial economy.

The Court will instruct the Clerk to (a) terminate all defendants in this action except Renan Macias, M.D. and John Does 1 through 10 ("John Does"); (b) open separate index numbers for both (i) Joseph Dorsten, D.O., Lifeline Medical Imaging P.C., Hillside Primary Medical Care, P.C., and John Does; and (ii) Amit Khaneja, M.D., Amit Khaneja Neurology Practice, PLLC, and John Does; (c) file this Order as the initial filing in each of the new cases; and (d) have each new case randomly assigned to a District Judge and Magistrate Judge.

Within 20 days of the opening of the new cases, plaintiffs in this case and in each new case shall: (a) file a complaint (or, in the instant case, an amended complaint), limited to the plaintiffs and defendants named in each action; (2) pay the filing fee and request issuance of summonses in each action. The commencement date of the new cases shall be deemed to be the

4

commencement date of this action for all purposes except as to Federal Rule of Civil Procedure 4(m).  As to that rule, the commencement date shall be deemed to be the date on which the Clerk opens the new actions.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
        September 4, 2021

5